IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:16-cv-00018-RLV
(Case No. 5:03-cr-00041-RLV-1)

| | | |
|---|---|---|
| KEVIN MAURICE LINDER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Movant Kevin Maurice Linder's Motion to Vacate under 28 U.S.C. § 2255 ("§ 2255 Motion"). (Doc. 1). The Government filed a response in opposition to Linder's § 2255 Motion. (Doc. 7). In addition, Linder filed a Motion for Release Pending § 2255 Proceeding ("Bond Motion"), (Doc. 9), which the Government also opposed through a response, (Doc. 10). For the reasons stated below, this Court places Linder's § 2255 Motion, (Doc. 1), in abeyance pending the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Brown*, Case No. 16-7056, and the Bond Motion, (Doc. 9), is **DENIED**.

I. BACKGROUND

In 2003, Linder escaped from the Caldwell County Detention Center while serving a 215-month prison term that this Court imposed for a felony crack-cocaine trafficking offense. *United States v. Linder*, Case No. 5:03-cr-00041-RLV-1, Presentence Investigation Report (hereinafter "PSR") (Doc. 29 at 3). Linder pled guilty to one count of escaping from custody in violation of 18 U.S.C. § 751, an offense which carries a maximum term of five years' imprisonment. PSR at 1. Over Linder's objection, this Court held that a violation of 18 U.S.C. § 751 constitutes a "crime of violence" under United States Sentencing Guidelines Manual ("U.S.S.G.") § 4B1.2, and,

accordingly, applied the career offender provisions because Linder had numerous prior convictions for crimes of violence and for controlled substance offenses. *See* PSR at 5-9; *United States v. Linder*, 100 F. App'x 164, 164 (4th Cir. 2004). After setting Linder's mandatory Guidelines range at thirty-seven to forty-six months' imprisonment, this Court sentenced Linder to forty months' imprisonment. *Linder*, Case No. 5:03-cr-00041-RLV-1, Doc. 16; *see also* PSR at 14; *Linder*, 100 F. App'x at 164. Linder appealed his sentence, and unsuccessfully argued that this Court erred in determining that escape is a "crime of violence" as defined by U.S.S.G. § 4B1.2(a). *See Linder*, 100 F. App'x at 164. Linder petitioned the United States Supreme Court for certiorari; however, the Supreme Court denied certiorari on October 4, 2004. *See Linder v. United States*, 543 U.S. 856 (2004).

## II. DISCUSSION

### A. Section 2255 Motion

In his § 2255 Motion, Linder argues that his forty-month sentence for escape should be vacated or modified based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 1 at 4-5). Linder advances a two-part argument for why his designation as a career offender under the residual clause of U.S.S.G. § 4Bl.2(a) violated due process. *Id.* First, Linder contends that his sentence should be vacated because U.S.S.G. § 4Bl.2(a) was unconstitutionally vague. *Id.* Second, Linder contends "the sentencing court was erroneously deprived of any discretion, at the time of sentencing, to sentence a [*sic*] Mr. Linder below an erroneously applied statutory mandatory minimum sentence." *Id.*

In relevant part, 28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set

aside or correct the sentence." 28 U.S.C. § 2255(a). A § 2255 movant bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Greene v. United States*, 2017 WL 724333, at *2 (W.D.N.C. Feb. 23, 2017) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). Section 2255 imposes a "1-year period of limitation" that runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action . . . is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if . . . made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Linder relies on subsection (3) and identifies *Johnson* as the Supreme Court case giving rise to his claim for relief. (Doc. 1 at 4-5). Although Linder filed his § 2255 Motion within one year of *Johnson*, *Johnson* must have initially recognized a right to challenge a mandatory Guidelines sentence and this right must apply retroactively to cases on collateral review for Linder's claim to fall within §2255(f)(3) for purposes of determining the timeliness of his § 2255 Motion.

> Under the Sentencing Guidelines, a defendant is a career offender if:
>
> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4Bl.l(a). Linder's § 2255 Motion focuses solely on the second element. At sentencing, this Court determined the second element of U.S.S.G. § 4B1.1(a) was satisfied because escape was categorically a crime of violence. *See Linder*, 100 F. App'x at 164. The version of the Guidelines in effect at the time defined "crime of violence" as any federal or state offense, punishable by more than a year in prison, that:

3

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4Bl.2(a) (2003). The provision at issue in this case is the "residual clause," or the portion of subsection (2) beginning with the phrase "or otherwise."

Linder bases his request for relief on *Johnson*, in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague under the Due Process Clause of the Fifth Amendment, 135 S. Ct. at 2563. From this, the *Johnson* Court held that "imposing an increased sentence under the residual clause" violates the Constitution's guarantee of due process.[1] *Id.* Applying the void-for-vagueness doctrine, the Supreme Court concluded that the ACCA's residual clause failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges." *Id.* at 2557. The Supreme Court subsequently held that the rule announced in *Johnson* is substantive and, as such, "has retroactive effect . . . in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

After the parties briefed the merits of Linder's § 2255 Motion, the Supreme Court held in *Beckles v. United States* that the advisory Guidelines, including U.S.S.G. § 4B1.2(a)'s residual clause, are not subject to a vagueness challenge under the Due Process Clause because the advisory Guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," 137 S. Ct. 886, 892 (2017). However, unlike Beckles, who was sentenced after the Supreme Court's decision in

---

[1] The stricken language from the ACCA in *Johnson*—"otherwise involves conduct that presents a serious potential risk of physical injury to another"—is identical to the residual clause in the career-offender Guideline of U.S.S.G. § 4B1.2(a)(2), and the Fourth Circuit frequently applies precedent governing the interpretation of ACCA when interpreting U.S.S.G. § 4B1.2(a)(2). *United States v. Mobley*, 687 F.3d 625, 632 (4th Cir. 2012) ("Our interpretation of the career offender provision is informed by precedent construing [the ACCA].").

4

*Booker*, Linder was sentenced prior to *Booker* and, thus, Linder's Guidelines range was mandatory, not advisory. Justice Sotomayor, in a concurring opinion in *Beckles*, recognized that the "distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker* . . . may mount vagueness attacks on their sentences." *Id.* at 903 n.4 (Sotomayor, J., concurring).

The unresolved issue, then, is whether *Beckles* disposes of collateral challenges to sentences that were issued before *Booker*, when the Guidelines were mandatory. This Court is unaware of any court that has granted relief on the argument Linder advances and those courts that have addressed arguments similar to the one raised by Linder have held that, although *Beckles* is not dispositive against vagueness challenges to U.S.S.G. § 4B1.2(a) for pre-*Booker* sentences, such claims generally do not fall within § 2255(f)(3) for timeliness purposes because *Johnson* did not recognize a right applicable to the Guidelines. *See Hodges v. United States*, 2017 WL 1652967, at *2 (W.D. Wash. May 2, 2017) (stating that *Beckles* did not bar movant's vagueness challenge to § 4B1.2(a) where movant was sentenced pre-*Booker*, but finding collateral attack did not arise under § 2255(f)(3) for timeliness purposes because *Johnson* did not create a new rule applicable to the Guidelines); *United States v. Russo*, 2017 WL 1533380, at *4 (D. Neb. Apr. 27, 2017) ("Because such an extension of *Johnson* requires this Court to create a new rule, and because the plain language of § 2255(f)(3) reserves the creation of such a rule to the Supreme Court, the Defendant may not rely upon § 2255(f)(3) for the filing of his § 2255 Motion, and the § 2255 Motion is time-barred."); *United States v. Ojeda*, 2017 WL 1495981, at *4 (D. Neb. Apr. 26, 2017) (finding that right asserted by movant was not recognized by Supreme Court in *Johnson*, nor made retroactively applicable to cases on collateral review, and holding that § 2255(f)(3) did not provide a basis for finding the motion timely); *see also Chubb v. United States*, 2017 WL 1397526 (S.D.

Ohio Apr. 19, 2017) (noting earlier denial of relief on § 2255 motion raising *Johnson* challenge to pre-*Booker* sentence but granting certificate of appealability on the issue).

Although there are no reported Fourth Circuit cases challenging a pre-*Booker* sentence under *Johnson* in the wake of *Beckles*, there is currently an appeal pending in the Fourth Circuit, which should address the issue. *See Brown*, Case No. 16-7056. In *Brown*, the movant is arguing that his career-offender sentence should be vacated under *Johnson* because he was classified as a career-offender based on the residual clause in U.S.S.G. § 4B1.2(a) and sentenced pre-*Booker* when the Guidelines were mandatory. *Brown*, No. 16-7056, Doc. 42 at 1. Oral arguments in *Brown* were held on May 11, 2017. *See Brown*, No. 16-7056, Doc. 28 at 1. Since the precise issue in this case will be resolved by *Brown*, this Court places Linder's § 2255 Motion in abeyance until the Fourth Circuit issues its decision in *Brown*.

B. Bond Motion

In the § 2255 context, release pending appeal is reserved for "extraordinary cases involving special circumstances or a high probability of success." *Hines v. United States*, 2007 WL 3407518, at *1 (W.D.N.C. Nov. 15, 2007) (quoting *Land v. Deeds*, 878 F.2d 318 (9th Cir. 1989)). Thus, in order to obtain release pending the resolution of his § 2255 Motion, Linder must show (1) "that his petition presents a substantial constitutional claim upon which he has a high probability of success," and (2) "that extraordinary circumstances warrant his release." *United States v. Perkins*, 53 F. App'x 667, 669 (4th Cir. 2002) (citing *Aronson v. May*, 85 S. Ct. 3 (1964)).

Linder has not satisfied the substantial likelihood of success prong. As discussed above, the Fourth Circuit has not addressed the question of whether a pre-*Booker* sentence based in part on the defendant's designation as a career offender through the residual clause in U.S.S.G. § 4B1.2(a)(2) may be challenged by reliance on *Johnson*. Furthermore, it is not apparent that

*Brown* will result in a disposition favorable to Linder. Indeed, this Court listened to the oral argument in *Brown* and recognizes that the argument raised by Brown and by Linder is a close and contested issue on which reasonable minds are likely to disagree. In addition, as discussed above, the district courts that have addressed the question presented in Linder's § 2255 Motion have found that claims such as Linder's rest on a right not yet recognized by the Supreme Court and, therefore, do not fall within § 2255(f)(3) for timeliness purposes. Finally, even if Linder does prevail on his § 2255 Motion and his sentence is vacated, his new sentence could conceivably be the same as his original sentence. *See United States v. Hughes*, 401 F.3d 540, 545 (4th Cir. 2005) (vacating pre-*Booker* sentence and remanding "to the district court for resentencing consistent with the remedial scheme set forth in Justice Breyer's opinion for the Court in *Booker*").

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT:**

(1) Linder's Motion for Release Pending § 2255 Proceeding (Doc. 9) is **DENIED**;

(2) The above-captioned action is held in abeyance pending the Fourth Circuit's decision in *United States v. Brown*, Case No. 16-7056;

(3) The Government shall have up to seven days from the date the Fourth Circuit issues its decision in *Brown* to file a supplemental response to Linder's § 2255 Motion; and

(4) Linder shall have up to fourteen days from the date the Fourth Circuit issues its decision in *Brown* to file his supplemental brief.

Signed: May 18, 2017

Richard L. Voorhees
United States District Judge