**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:16-cv-18-MOC**
**(5:03-cr-41-MOC-1)**

| | | |
|---|---|---|
| KEVIN MAURICE LINDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct

Sentence under 28 U.S.C. § 2255, (Doc. No. 1), in which he seeks relief pursuant to Johnson v.

United States, 135 S. Ct. 2551 (2015).

**I.      BACKGROUND**

Petitioner pled guilty to escape and was sentenced as a career offender to 40 months'

imprisonment followed by three years of supervised release, concurrent with case number 5:02-

cr-37.[1] (5:16-cr-18, Doc. No. 16). The Fourth Circuit Court of Appeals affirmed, United States v.

Linder, 100 Fed. Appx. 164 (4th Cir. 2004), and the United States Supreme Court denied certiorari

on October 4, 2004, Linder v. United States, 543 U.S. 856 (2004).

Petitioner filed the instant § 2255 petition through counsel on January 23, 2016, arguing

that the imposition of a career offender sentence violated due process because his escape offense

is not a "crime of violence" under Johnson. The guidelines were mandatory at the time of

Petitioner's sentencing, which preceded United States v. Booker, 543 U.S. 220 (2005).

---

[1] The incarcerative portion of the sentence is consecutive to his sentence in case number 5:02-cr-37 but the supervised release is concurrent with that case.

The Government filed a Response, (Doc. No. 7), arguing that the § 2255 petition is time-barred and procedurally defaulted from § 2255 review.

Petitioner then filed a Motion for Release Pending § 2255 Proceedings, (Doc. No. 9), which the Government opposed, (Doc. No. 10). The Court denied Petitioner's request for release on bond and placed the case in abeyance pending the Fourth Circuit's decision in United States v. Brown, Case No. 16-7056. (Doc. No. 11).

The parties filed supplemental pleadings upon the Fourth Circuit's issuance of its decision in Brown, 868 F.3d 297 (4th Cir. 2017). The Government argues that the § 2255 petition is untimely and meritless. (Doc. No. 12). Petitioner argues that the matter should remain stayed pursuant to Chief Judge Gregory's Brown dissent because it would doubtless be subject to a petition for discretionary review in the Supreme Court.[2] (Doc. No. 13).

## II.     STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A one-year statute of limitation applies to motions to vacate under § 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Chief Judge Gregory would have found Brown's Johnson challenge to the mandatory sentencing guidelines to be timely under § 2255(f)(3) and meritorious.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A federal judgment becomes final "when [the U.S. Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari…." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Supreme Court held in Johnson that the Armed Career Criminal Act's ("ACCA") residual clause[3] is void for vagueness, which is a retroactively applicable right. Id.; Welch v. United States, 136 S.Ct. 1257, 1265 (2016). However, Johnson does not apply to the advisory sentencing guidelines because "the Guidelines are not amenable to a vagueness challenge." Beckles v. United States, 137 S.Ct. 886, 894 (2017).

---

[3] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another."* 18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

Petitioner argues that his sentence is illegal under <u>Johnson</u> because the guidelines' residual clause is identical to the ACCA residual clause and the guidelines were mandatory at his pre-<u>Booker</u> sentencing.

The Fourth Circuit squarely foreclosed this argument in <u>United States v. Brown</u>, 868 F.3d 297 (4th Cir. 2017). It held that, because neither <u>Johnson</u>, <u>Beckles</u>, nor any other Supreme Court case has recognized the specific right on which petitioner sought to rely, the Court is "constrained by the Antiterrorism and Effective Death Penalty Act (AEDPA) jurisprudence from extrapolating beyond the Supreme Court's holding to apply what we view as its 'reasoning and principles' to different facts under a different statute or sentencing regime." <u>Id.</u> at 299. Therefore, it concluded, <u>Johnson</u> was inapplicable to petitioner's § 2255 motion to vacate and did not restart the one-year statute of limitations under § 2255(f)(3). <u>Id.</u> The United States Supreme Court has denied certiorari review. <u>Brown v. United States</u>, 2018 WL 2877128 (Oct. 15, 2018).[4]

Petitioner's conviction and sentence became final for purposes of § 2255 on October 4, 2004, and he filed the instant § 2255 petition on January 23, 2016, more than a decade late. Because the Supreme Court has not recognized the specific right upon which Petitioner seeks to rely, <u>Johnson</u> did not re-start the one-year statute of limitations under § 2255(f)(3) and the instant § 2255 petition is time-barred. The § 2255 petition would alternatively fail on the merits. <u>See</u> <u>Beckles</u>, 137 S.Ct. 894 (<u>Johnson</u> does not apply to the sentencing guidelines).

---

[4] The parties have not addressed whether this matter is now moot due to Petitioner's release from prison. He is now presumably serving his three-year term of supervised release. <u>See</u> generally <u>United States v. Pregent</u>, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion."); <u>see</u>, <u>e.g.</u>, <u>United States v. Mullins</u>, 2018 WL 1960535 (W.D. Va. April 26, 2018) (finding that a § 2255 petition based on <u>Johnson</u> and <u>Brown</u> was not moot where petitioner had been released from prison but was serving supervised release), *appeal filed* May 2, 2018.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 Motion to Vacate with prejudice as time-barred and, alternatively, denies it on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 2, 2018

Max O. Cogburn Jr.
United States District Judge